# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

JEREMY DEAUNDRE MALONE,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV611-025

JUSTIN RAY and Lt. MELVIN WELLS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jeremy Malone ("Plaintiff"), who is currently incarcerated at Telfair State Prison in Helena, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Smith State Prison in Glennville, Georgia. Defendants filed a Motion to Dismiss. Plaintiff has not filed a Response, despite the undersigned's Orders dated July 13 and 25, 2011, allowing Plaintiff until August 3, 2011, to do so. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendant Wells handcuffed him and then rammed Plaintiff into a concrete wall, which caused physical injury. Plaintiff also asserts that Defendant Ray allowed Defendant Wells to continue his assault of Plaintiff.

Defendants contend that Plaintiff failed to exhaust his available administrative remedies prior to filing this cause of action, and, accordingly, his Complaint should be dismissed.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants aver that Plaintiff admits in his Complaint that there is a prisoner grievance procedure at Smith State Prison, and he did not utilize it prior to filing his Complaint. Defendants assert that Plaintiff states that Counselor Clements did not provide him with the necessary forms to access the administrative remedy process. However, Defendants also assert, Counselor Clements did not deny Plaintiff access to the grievance procedure, as he did not work at Smith State Prison on the date giving rise to Plaintiff's cause of action, and grievance forms were available to Plaintiff.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that

2

exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues . . . ." Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule

3

12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

In support of their position that Plaintiff failed to exhaust his administrative remedies, Defendants filed a copy of Standard Operation Procedure ("SOP") IIB05-0001, which is the Statewide Grievance Procedure applicable to the penal institutions under the operation of the Georgia Department of Corrections. (Doc. No. 15-5). Within the Georgia Department of Corrections, the grievance procedure is a three-step process. Blackerby v. McNeil, No. CV307-071, 2008 WL 5209975, at *4 (S.D. Ga. Oct. 7, 2008). It commences with the filing of an informal grievance which must be filed within ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance." Id. If an inmate is unsatisfied with the resolution of his informal grievance, a formal grievance form must be submitted within five business days. Id. The Warden has thirty calendar days to respond to the formal grievance. Id. If the inmate is not satisfied with the Warden's response, he has five business days to file an appeal; then, the Office of the Commissioner has ninety calendar days to respond. Id. The grievance procedure is terminated upon the issuance of an appeal response. Id.

Defendants also submitted a print-out of Plaintiff's grievance history. (Doc. No. 15-4). This print-out reveals that Plaintiff has filed 22 grievances—either formal or informal—from January 8, 2009, until May 14, 2011, and 18 of these grievances were filed while he was housed at Coffee Correctional Facility. However, there is nothing which indicates that Plaintiff initiated the administrative remedy process as to the contentions set forth in his Complaint. It appears clear that Plaintiff is aware of the

AO 72A
(Rev. 8/82)

grievance procedure and the necessity of completing this procedure before filing a cause of action in federal court. Based on Defendants' time line of events (Doc. No. 15-1, p. 1), and Plaintiff's failure to provide the same, it appears that Counselor Clements resigned on February 14, 2011, and was no longer under the employ of the Georgia Department of Corrections after February 15, 2011. (Doc. No. 15-6, pp. 2-3). Plaintiff states in his Complaint that it was Counselor Clements who denied him a grievance form.[1] Even accepting Plaintiff's assertion in this regard as true, Plaintiff would have had other opportunities to access the grievance procedure after Counselor Clements' departure. There is no evidence before the Court that Plaintiff pursued those opportunities. It appears that Plaintiff did not exhaust his administrative remedies prior to filing this cause of action; accordingly, his Complaint should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Unopposed Motion to Dismiss be **GRANTED**. Plaintiff's Complaint should be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 9th day of September, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Counselor Clements was dismissed as a named Defendant on May 26, 2011. (Doc. No. 13).